Judge Mary Jo Heston
Chapter 13
Location: Tacoma
Hearing Date: February 3, 2020
Hearing Time: 1:00 p.m.
Response Due: January 27, 2020

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In re | Case No.: 19-42890-MJH |
|---|---|
| SARAH HOOVER | **MOTION TO ANNUL AUTOMATIC STAY** |
| Debtor(s). | |

## I. RELIEF REQUESTED

IH6 Property Washington, L.P., a Delaware limited partnership ("IH6 Property") moves this Court for an order annulling the automatic stay retroactively as of the petition date to validate the nonjudicial foreclosure sale of real property commonly known as 18205 106th Street East, Bonney Lake, WA 98391 (the "Property"), and legally described in the recorded Trustee's Deed attached to the Declaration of Lappano as Exhibit A. IH6 Property further requests that the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of its interest in the Property.

## II. JURISDICTION

Bankruptcy courts have both ancillary and "arising under" jurisdiction to reopen a case and annul the automatic stay. *In re Aheong*, 276 B.R. 233, 248 (9th Cir. B.A.P. 2002) ("Section 1334(b)'s reference to 'all civil proceedings arising under title 11' includes all proceedings arising under Section 362(d) of title 11. This necessarily includes a proceeding to annul the stay after the underlying case has been dismissed, closed, or both.").

MOTION TO ANNUL STAY - 1

## III. BACKGROUND

On or about July 25, 2006, borrower Ali Suleiman, a single man, executed a Deed of Trust (the "Deed of Trust") encumbering real property commonly known as 18205 106th Street East, Bonney Lake, WA 98391 (the "Property") and legally described in the recorded Trustee's Deed attached to the Declaration of Michael Lappano as Exhibit B.

Ali Suleiman died on February 24, 2015. The Debtor is one of four children of Ali Sulieman.[1] On March 23, 2015, pursuant to RCW 11.42[2], a nonprobate "Notice to Creditors" action was filed in King County Superior Court Case No. 15-4-01840-7 KNT.[3] Pursuant to Ali Suleiman's Last Will and Testament filed in that case, the remainder of his estate, including his interest in the Property, was transferred to the "Trustee of the Ali Suleiman Trust created under a Trust Agreement dated November 25, 2003" (the "Suleiman Trust").[4] The Suleiman Trust Agreement was never filed in the Notice to Creditors action and the Property was never transferred to or from the Suleiman Trust.[5]

On or about May 9, 2019, the successor trustee of the Deed of Trust, Quality Loan Service Corporation of Washington ("Quality"), recorded a Notice of Trustee's Sale scheduling a trustee's sale for September 13, 2019.[6] The Debtor received notice of the pending trustee's sale and communicated with Quality prior to the sale on August 14, 2019.[7] The Debtor also requested and

---

[1] Declaration of McIntosh, Exhibit B.
[2] RCW 11.42 provides for the "[s]ettlement of creditor claims for estates passing without probate". Those who receive substantially all of the decedent's assets "by reason of the decedent's death" are qualified to give nonprobate notice to creditors. RCW 11.42.010(1), (2).
[3] Declaration of McIntosh, Exhibit A.
[4] *Id.*, Exhibit B.
[5] *Id.*, Exhibit A.; *see also*, Declaration of Stenman, Exhibit C, p. 2 at ¶3 (Trustee's Sale Guarantee showing that the Property was vested in Ali Suleiman).
[6] Declaration of Stenman at ¶ 6 and Exhibit B.
[7] *Id.* at ¶ 7.

MOTION TO ANNUL STAY - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 2 of 10

was provided reinstatement quotes from Quality on August 14, 2019 and September 4, 2019.[8] At no time prior to the trustee's sale did the Debtor notify Quality that she intended to file bankruptcy.[9]

On September 9, 2019, Debtor filed a pro se skeletal bankruptcy Petition that she signed on September 6, 2019.[10] On the same day, she also filed a Certificate of Credit Counseling that she obtained on September 6, 2019 (two days after requesting an updated reinstatement quote from Quality) and an Application to Pay filing Fees in Installments (which was granted, but no payments were ever made).[11] Debtor did not file another document in this bankruptcy and her case was dismissed for failure to file schedules, statements, lists, or a plan on September 26, 2019. This case was closed on October 2, 2019. Dkt. 14.

Despite communicating directly with Quality days before this filing, the Debtor never gave Quality notice of her bankruptcy. Prior to the trustee's sale, Quality actively searched for bankruptcy filings of interested parties, including those for Sarah Hoover.[12] This bankruptcy filing was never identified.[13] Quality used LexisNexis Banko ("Banko"), a third-party vendor, to search for and identify bankruptcy filings. These searches were specifically conducted for Sarah Hoover on 1/31/2019, 2/20/2019, 3/10/2019, 4/18/2019, 4/24/2019, 5/9/2019, 7/15/2019, 8/9/2019, 9/6/2019, 9/12/2019, 9/13/2019, 9/14/2019, 9/16/2019, 9/17/2019, and 9/18/2019.[14] Banko never disclosed this bankruptcy filing in any of its searches.[15] Quality also confirmed that the social security number it used for the Debtor in its searches is accurate and the social security number contained within the records of the loan servicer.[16] With regard to the beneficiary, she listed PHH

---

[8] *Id.* at ¶ 8.
[9] *Id.*
[10] *In re Sarah Hoover*, W.D.WA.Bankr. Case No. 19-42890-MJH, Dkt. 1.
[11] *Id.*, Dkts. 4-6.
[12] Declaration of Stenman, ¶ 9.
[13] *Id.*
[14] *Id.*
[15] *Id.* at ¶ 10.
[16] *Id.*

MOTION TO ANNUL STAY - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 3 of 10

Mortgage on the creditor matrix, but the Bankruptcy Noticing Center mailed notice by first class mail on September 11, 2019. *See*, Dkt. 10. Had the Debtor taken reasonable steps to notify Quality of her bankruptcy filing, the trustee's sale would have been postponed.

On September 13, 2019, because Quality did not have knowledge or notice of the Debtor's bankruptcy, it proceeded with the Trustee's sale and the Property was sold to IH6 Property.[17] On September 17, 2019, Quality executed and delivered to the IH6 Property the Trustee's Deed.[18] The Debtor first notified Quality of her filing on <u>September 24, 2019</u>, 11 days after the trustee's sale and after the Trustee's Deed had already been issued to IH6 Property.[19] The trustee's sale generated $167,407.96 in surplus funds and Quality is holding those funds until this matter is resolved and will then disburse accordingly.[20]

IH6 Property researched the condition of title prior to the trustee's sale and there were no public records that disclosed Sarah Hoover's interest.[21] At the time of the trustee's sale, IH6 Property was not aware that Sarah Hoover claimed an interest in the Property or that Sarah Hoover had filed this bankruptcy.[22] IH6 Property was first notified of Sarah Hoover's alleged interest in the Property and this bankruptcy filing on or about November 22, 2019.[23] After receiving notice of Sarah Hoover's claim that the trustee's sale violated the automatic stay, IH6 Property put a hold on its Unlawful Detainer action and retained counsel to address Sarah Hoover's claim in this bankruptcy.

///

///

---

[17] *Id.* at ¶ 10; *see also*, Declaration of Lappano at ¶ 5.
[18] *Id.* at ¶ 11 and Exhibit D.
[19] *Id.* at ¶ 12.
[20] *Id.* at ¶ 13.
[21] Declaration of Lappano at ¶ 4.
[22] *Id.* at ¶ 6.
[23] *Id.* at ¶ 7-8, Exhibit C.

MOTION TO ANNUL STAY - 4

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 4 of 10

## IV. LEGAL AUTHORITY

Acts done in violation of the automatic stay are void. *See*, *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Section 362(d) authorizes annulment of the automatic stay in order to validate otherwise void acts. *Lone Star Sec. & Video, Inc., v. Gurrola (In re Gurrola)*, 328 B.R. 158, 172 (9th Cir. BAP 2005). Determining whether cause exists to annul the stay is a case-by-case inquiry based on a balance of the equities. *Nat'l Envtl. Waste Corp. v. City of Riverside*, 129 F.3d 1052, 1055 (9th Cir. 1997), *cert. denied*, 524 U.S. 952 (1998).

Section 362(d) of the Bankruptcy Code provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Cause for relief under 11 U.S.C. §362(d)(1) is not defined in the Bankruptcy Code, and a determination as to whether cause exists is done on a case by case basis. *In re Conejo Enterprises Inc.*, 96 F.3d 346, 352 (9th Cir. 1996). Cause is a broad and flexible concept that allows a Bankruptcy Court, sitting in equity, to fashion the necessary relief to creditors in situations that are necessarily fact intensive. *In re Indian River Estates, Inc.*, 293 B.R. 429, 432-433 (Bankr. N.D.Ohio 2003). A bankruptcy court can grant relief from the stay prospectively or grant retroactive relief under 11 U.S.C. §362(d) because of the inclusion of "annul" in the list of potential relief listed in that subsection. *In re Fjeldstad*, 293 B.R. 12, 21 (9th Cir. B.A.P. 2003).

In assessing whether to annul the stay, the *Fjeldstad* Court enumerate twelve factors that can be relevant in deciding whether retractive annulment of the stay is justified:

1. Number of filings from the debtor;
2. Whether, in a repeat filing case, the circumstances indicate an intent to delay and hinder creditors;

MOTION TO ANNUL STAY - 5

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 5 of 10

3. A weighing of the extent of prejudice to creditors or third parties if retroactive relief is not granted, including whether harm exists to a bona fide purchaser;
   4. Overall good faith of the debtor;
   5. Whether creditor knew of the stay and nonetheless took action in violation, thereby compounding issues;
   6. Whether the debtor has complied, or is otherwise complying, with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;
   7. The relative ease of restoring the parties to the *status quo ante*;
   8. Cost of the annulment to both creditor and debtor;
   9. How quickly, after learning of the bankruptcy filing, the creditor moved for annulment, or how quickly the debtor moves to set aside the sale;
   10. Whether, after learning of the stay, creditors proceeded to take steps in continued violation of the stay, or whether the creditor moves expeditiously for annulment;
   11. Whether annulment will cause irreparable harm to the debtor; and
   12. Whether granting the annulment will promote judicial economy and other efficiencies.

These factors are merely a framework for analysis and not a scorecard; thus, in any given case, one factor may so outweigh the others as to be dispositive. *In re Fjeldsted*, 293 B.R. 12, 25 (9th Cir. BAP 2003). The debtor bears the ultimate burden of proving that the request for retractive relief from the stay should be denied. *Id*.

   1. <u>IH6 Property is a bona fide purchaser that will be harmed if the stay is not retroactively annulled</u>

IH6 Property is a purchaser for value without actual, constructive, or inquiry notice of Hoover's bankruptcy filing.[24] Sarah Hoover's claimed ownership interest in the Property, if any, was also unknown to IH6 Property.[25] IH6 Property purchased the Property for $356,000.00 at the trustee's sale, received and recorded the Trustee's Deed, and began taking steps to obtain possession of its Property before the Debtor notified it of her alleged interest and bankruptcy filing.[26] If the stay is not

---

[24] The bona fide purchaser doctrine provides that a good faith purchaser for value who is without actual, constructive, or inquiry notice of another's interest in real property has a superior interest in the property. *Tomlinson v. Clarke*, 118 Wn. 2d 498, 500, 825 P.2d 706 (1992).
[25] It is not clear what interest, if any, Sarah Hoover has in the Property and IH6 Property does not concede here that the Property came into the bankruptcy estate of Sarah Hoover.
[26] Decl. of Lappano, ¶ 8.

MOTION TO ANNUL STAY - 6

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 6 of 10

annulled, there will be obvious harm to IH6 Property in that it will lose the Property it purchased at the trustee's sale. Factor 3 weighs in favor of annulment.

2. <u>The Debtor concealed her interest in the Property, failed to give notice of her bankruptcy filing, and took no steps to fix the deficiencies in her chapter 13 Bankruptcy.</u>

According to the Pierce County real property records and the Pierce County Treasurer, the Property was vested in Ali Sulieman at all relevant times prior to the trustee's sale.[27] Ali Suleiman's Will filed in the Notice to Creditor's action directed the Property to be transferred to the Ali Suleiman Trust (the "Trust"), not Sarah Hoover, and there is nothing in the public record showing the Trust Agreement, a transfer of the Property to or from the Trust, or anything suggesting that Sarah Hoover had in interest in the Ali Suleiman Trust or the Property.

The Debtor was also in contact with Quality, discussed loss mitigation options, and requested reinstatement quotes, but inexplicably never once mentioned the fact that she had filed bankruptcy. Even after the trustee's sale, she waited until September 24, 2019, 11 days after the trustee's sale, to notify Quality of her filing which was after Quality had already issued the Trustee's Deed to IH6 Property. Quality actively searched for bankruptcy filings by the Debtor, but the searches did not disclose this filing. The only notice given to PHH on this record is the notice issued by the Bankruptcy Noticing Center, which was sent by first class mail on September 11, 2019, only two days before the trustee's sale. Had the Debtor provided reasonable notice, the trustee's sale would have been postponed.

The Debtor's bankruptcy filing was filed in bad faith. The Debtor had no intention of paying the filing fee or filing anything beyond the three sole documents she filed on September 9, 2019. A Notice of Deficient Filing was mailed to her on September 11, 2019 and set a deadline to correct the

---

[27] Declaration of Stenman, Exhibit C, p. 2 at ¶3; *see also*, McIntosh Declaration, Exhibit C (According to the Pierce County Treasurer, Ali Suleiman was listed as the record owner of the Property up until the trustee's sale.)

MOTION TO ANNUL STAY - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 7 of 10

deficiencies for September 24, 2019 [*see*, Dkt. 7], <u>which was the same day that she first notified Quality of her bankruptcy filing</u>.  She knew that the Property had been sold at the trustee's sale, but still ignored the requirements in her Bankruptcy.

The Debtor never filed schedules showing her alleged interest in the Property, income, and debts.  It's unknown if the Debtor was even an eligible Chapter 13 Debtor under 109(e) that meets the debt limits and has regular income.  Furthermore, if the Property is in the Trust as the public records show, the legal and equitable interest in the trust res is held in the name of the trustee (or trustees).  A Trust is not an individual eligible to be a chapter 13 debtor.  11 U.S.C. § 109(e).  The relevant information necessary to analyze whether the Property came into the bankruptcy estate is unknown solely because the Debtor failed to make the required disclosures.

The Debtor's case was dismissed on September 26, 2019 for failure to file schedules, statements, lists and/or a plan.  She has not attempted to reopen her bankruptcy to correct its deficiencies, or otherwise show that she can avoid a future foreclosure if the stay is not annulled.

The Debtor's overall good faith (Factor 4), the lack of knowledge of the bankruptcy stay by the creditors (Factor 5), whether the Debtor has complied with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (Factor 6), and whether annulment will cause irreparable harm to Debtor (Factor 11) weigh in favor of annulment.

3. <u>IH6 Property took prompt action after learning of Debtor's claim to resolve a situation that the Debtor created.</u>

IH6 Property's prompt action in seeking annulment of the stay after learning of Sarah Hoover's claim puts factors 9 and 10 in favor of annulment of the stay.  IH6 Property first learned of the Debtor's bankruptcy filing and claim that the automatic stay was violated on November 22, 2019.  IH6 Property put a hold on any steps to evict any occupants of the Property and retained counsel to

MOTION TO ANNUL STAY - 8

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 8 of 10

re-open this bankruptcy to address the Debtor's claim. Debtor, on the other hand, has taken no action, and continues to live in the Property rent free. Factors 9 and 10 weigh in favor of annulment.

4. <u>Factors 7, 8, and 12 also favor annulment of the stay.</u>

The relative ease of restoring the parties to the status quo (Factor 7), the cost of annulment to IH6 Property (Factor 8) and judicial economy (Factor 12) support annulling the stay. To restore the parties back to the status quo would require the trustee's sale to be rescinded. This would be unduly burdensome and prejudicial to IH6 Property and reward the Debtor for concealing her interest and bankruptcy filing. Also, under these circumstances, there is no point to have another foreclosure sale since the underlying bankruptcy case has already been dismissed and, based on the Debtor's lack of good faith, these factors weigh in favor of annulment.

5. <u>Waiver of the 14-day stay is appropriate in this case</u>

IH6 Property is also requesting this Court waive the 14-day stay normally applicable to orders granting annulment of the Automatic Stay under FRBP 4001(a)(3) to allow for prompt action to be taken to secure the Property. The 14-day stay would prevent movant from taking prompt action to prevent potential diminishment of its Property.

///

///

///

MOTION TO ANNUL STAY - 9

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010  F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 9 of 10

## V. CONCLUSION

For the foregoing reasons, IH6 Property requests an order reopening the above-captioned bankruptcy case for the limited purpose of allowing IH6 Property to file a motion to annul the automatic stay to validate the post-petition trustee's sale.

Dated this 10th day of January 2020.

**SCHWEET LINDE & COULSON, PLLC**

 /s/John A. McIntosh
Thomas S. Linde, WSBA #14426
John A. McIntosh, WSBA #43113
Attorneys for IH6 Property Washington, L.P.

MOTION TO ANNUL STAY - 10

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 18    Filed 01/10/20    Ent. 01/10/20 16:22:52    Pg. 10 of 10