# EXHIBIT M

# Elite Legal Network

14600 Golden West Street, Suite A101 Westminster, CA 92683

Main Toll Free 888-451-9222 / Fax 888-430-4111

---

Client Name: Ali Sweiman / Sarah Hoover

Loan Number: ███████5107

To: PHH          Fax #: 856-917-2848
                        856-917-8080

From: Elite Legal Network     Date: 9/20/19

Number of Pages: 8

Re: Loan Modification Documents

Urgent: For Review

- ☐ RMA
- ☐ 4506T
- ☐ HARDSHIP LETTER
- ☐ PAY STUBS
- ☐ BANK STATEMENTS
- ☐ SSI AWARDS LETTER
- ☐ TAX'S
- ☐ LOA
- ☑ OTHER  BK Filing, Trust, Death Cert, I.D.

9/12  8:31 AM  12:21
CALL W/ BK FILING
-SABRINA-         -ANGELA-
BK 9/9/19          PQ3
TRUST 9/20/19
DEATH 9/19/19
COMPLETE 9/19/19
SALE DATE 9/13/2019

United States Bankruptcy Court
Western District of Washington

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 09/09/2019 at 12:46 PM and filed on 09/09/2019.

**Sarah Hoover**
18205 106th St E
Bonney Lake, WA 98391
SSN / ITIN: xxx-xx-8882

The bankruptcy trustee is:

**Michael G. Malaier**
2122 Commerce Street
Tacoma, WA 98402
253-572-6600

The case was assigned case number 19-42890-MJH to Judge Mary Jo Heston.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available with a Pacer account log in at https://ecf.wawb.uscourts.gov or via public terminals at the Clerk's Office, 1717 Pacific Avenue, Suite 2100, Tacoma, WA 98402 or 700 Stewart St, Room 6301, Seattle, WA 98101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Mark L. Hatcher**
**Clerk, U.S. Bankruptcy Court**

# CERTIFICATE AND AFFIDAVIT OF TRUST
# (RCW 11.98.075)

Amir C. Suleiman and Sarah V. Hoover, Trustee of the Ali Suleiman Trust (the "Trust") being first duly sworn on oath, hereby certify(ies), represent(s), warrant(s) and declare(s) as follows:

**Trust Information**

1. Trust name (as stated in the Trust document) or name by which Trust is commonly known: Ali Suleiman Trust.

2. Names of all grantors, settlors, trustors, or other creators of Trust: Ali Suleiman.

3. Date Trust document was executed (including date of any Will): November 25, 2003.

4. State or other jurisdiction in which Trust established: Washington.

5. Type of Trust: Irrevocable.

6. Manner in which title to Trust assets is held: The name of the Trust is (assets are titled thus) Ali Suleiman Trust.

**Trustee Information**

7. Name of current Trustees: Amir C. Suleiman and Sarah V. Hoover.

8. Address of each currently acting Trustee:
Amir C. Suleiman
24805 22nd Ave S
Kent, WA 98032

Sarah V. Hoover
18205 106th St E
Bonney Lake, WA 98391

9. Names of successor Trustee (as named in Trust document or, if applicable, named in accordance with Trust document): If Amir C. Suleiman or Sarah V. Hoover are unwilling or unable to act, Sofiah O. Corcoran shall be Co-Trustee in their place.

10. Under the terms of the Trust document: On November 25, 2003, the Ali Suleiman Trust was established by Ali Suleiman, as Trustor. The Trustor died on February 24, 2015. The Trust is now irrevocable and the Trust provides the successor Trustees can undertake any transactions relating to the management of the assets of the Trust.

11. The Trustees are authorized to do the following: Article IV of the Trust provides that the "Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law . . . and the following special rights, powers, and privileges: . . ." Trust assets may be used as collateral for a loan. The specific rights, powers, and privileges are very extensive and broad and are designed to give the Trustees wide latitude in managing the Trust.

12. Trustees' powers include, but are not limited to:

    a. The powers to sell, convey and exchange: [X] Yes  [ ] No (check one)
    b. The power to borrow money and pledge and encumber trust property with a deed of trust or mortgage [X] Yes  [ ] No (check one)

**Miscellaneous Information**

13. To the best of the knowledge of Trustees, there is no claim, litigation, cause of action alleged, or challenge of any kind, which contests or questions the validity of the Trust or a Trustee's authority to act on behalf of the Trust.

14. The Trust is in full force and effect and has not been terminated, revoked, amended or modified in any way that causes the representations in this Certificate and Affidavit of Trust to be inaccurate or incorrect.

**RCW 11.98.075 (8) states: A person making a demand for the trust instrument in addition to a certification of trust or excerpts is liable for damages, including reasonable attorney fees, if the court determines that the person did not act in good faith in demanding the trust instrument.**

_____
Amir C. Suleiman, Co-Trustee

SUBSCRIBED and SWORN TO before me this 19th day of March, 2015.

David A. Johnson
NOTARY PUBLIC Dav A. Johnson
In and for the State of Washington
My appointment expires 6-28-15

Sarah V. Hoover

Sarah V. Hoover, Co-Trustee

SUBSCRIBED and SWORN TO before me this 19th day of March, 2015.



David A. Johnson
NOTARY PUBLIC David A. Johnson
In and for the State of Washington
My appointment expires 6-28-15

# U.S. Department of State
## REPORT OF DEATH OF A U.S. CITIZEN OR U.S. NON-CITIZEN NATIONAL ABROAD

Post: Jakarta
Date of Issue (mm-dd-yyyy): 03-02-2015

SSA No. █████1892

**Name in full:** Ali Suleiman
**Age:** 76

**Date (mm-dd-yyyy) and Place of Birth:** ████████ Indonesia

**Evidence of U.S. Citizenship:** Regular Passport # ████0472 Issued On April 11, 2005

**Address in U.S.A.:** 24805 22nd Ave S. Kent, Washington 98032 United States Of America

**Permanent or Temporary Address Abroad:** Komp. Sukarami Patra Permai IV H 9A Kebun Bunga Palembang, Indonesia

**Date of death:** Month: Feb  Day: 24  Hour: —  Minute: —  Year: 2015

**Place of death:** RSUP Dr. Mohammad Hoesin (Number and street or Hospital/hotel), Palembang, South Sumatera (City), Indonesia (Country)

**Cause of death:** Not provided by Local Government
*Including authority for statement - if physician, include full name and official title, if any.*

**Disposition of the remains:** Buried in Pemakaman Kambojah, Palembang, South Sumatera, Indonesia on 02/27/2015

**Local law governing disinterment of remains provides that:** N/A

**Disposition of the effects:** Nurhasinah Suleiman

**Person or official responsible for custody of effects and accounting therefore:** Nurhasinah Suleiman

**Traveling/residing abroad with relatives or friends as follows:**

| NAME | ADDRESS |
|---|---|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun Bunga Palembang, South |

**Informed by telegram or telephone:**

| NAME | ADDRESS | DATE (mm-dd-yyyy) NOTIFIED |
|---|---|---|
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 2/27/2015 |

**Copy of this report sent to:**

| NAME | ADDRESS | DATE (mm-dd-yyyy) SENT |
|---|---|---|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun | 3/2/2015 |
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 3/2/2015 |
| Amir Suleiman | 24805 22nd Ave S. Kent, WA USA 98032 | 3/2/2015 |

**Notification or copy sent to Federal Agencies:** SSA  x VA  CSC  Other _____ State Agency

The original copy of this document and information concerning the effects are being placed in the permanent files of the U.S. Department of State, Washington, DC 20520.

**Remarks:**
03/02/2015 this ROD is also sent to: Sofiah Corcoran (Daughter), c/o Amir Suleiman, 24805 22nd Ave S
*(Continue on reverse if necessary.)*

[Signature]
Signature on all copies of the United States of America.

[SEAL]

Michael Sweeney
Consul

(Last name) Suleiman
(First name) Ali
(Middle name) —
(Date (mm-dd-yyyy) of death) 02-24-2015

DS-2060 (Formerly OF-180)  For Additional Certified Copies, see http://travel.state.gov/passport/faq/faq_5057.html
11-2003

With respect to the share of a minor or a beneficiary under a legal disability, Trustee shall have the authority to place assets in safekeeping for the beneficiary until he or she reaches legal age or deliver all, or any part thereof, to the guardian of his or her person.

All reasonable expenses incurred for storage, packing, shipping, delivery or insurance of such tangible personal property on or before the expiration of one hundred twenty days from the date of Trustor's death shall be charged as an administrative expense of the Trust.

B.2.3 <u>Specific Distributions</u>. As soon as practicable after Trustor's death, Trustee shall make the following specific distributions:

> B.2.3.1 Residence. Trustor and the Trust Estate has held title to the property located at 18205 106th Street East, Bonney Lake, Washington, and Trustor is currently named as co-signer or Surety on the primary residence loan executed by Sarah and primary lender for the purposes of securing financing on said property for Sarah. Accordingly, as soon as practicable after the death of Trustor, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustors' daughter, Sarah V. Hoover, if she is surviving. This distribution shall be in addition to Sarah's distributive share of the remainder Trust Estate and will carry with it any obligations against the residence. In the event Sarah is not surviving at the time of Trustor's death, or this residence and real property is not a part of the Trust Estate at the time of Trustor's death, this distribution shall lapse and be null and void.
>
> Additionally, to the extent that Trustor or the Trust Estate is responsible for paying for any or all part of such loan, such amount shall be considered a loan

4

