# EXHIBIT 2

# Henry & DeGraaff, P.S.

*Christina L Henry*
*chenry@hdm-legal.com*

December 12, 2019

*SENT VIA FAX (where indicated) AND FIRST CLASS MAIL (Certified)*

PHH Mortgage Services
Attn: Rob Crowl, CEO
1 Mortgage Way
Mount Laurel, NJ 08054
Fax# 856-917-2848
Fax# 856-917-8080

PHH Mortgage Services
Attn: Registered Agent
Corporation Service Company
300 Deschutes Way SW
Ste 304
Tumwater, WA 98501

Robert McDonald
Quality Loan Service Corp. of WA
108 1st Ave S
Suite 202
Seattle, WA 98104
rmcdonald@qualityloan.com
Fax# 206-274-4902

HSBC Bank USA, N.A., as Trustee
of the Fieldstone Mortgage Investment
Trust, Series 2006-2
Attn: Noel Quinn, CEO
425 5th Ave
New York, NY 10018

Lance E. Olsen
McCarthy Holthus, LLP
108 1st Ave S
Seattle, WA 98104
lolsen@mccaarthyholthus.com

> Re:  NOTICE RE VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY
> UNDER 11 USC § 362(a)
> Bankruptcy Cause No. 19-42890-MJH
> Bankruptcy Filed 9/9/2019 / Dismissed 9/26/2019
> Debtor: Sarah Hoover
> Property Address: 18205 106th St E, Bonney Lake, Wash., 98391
> Parcel No. 700174030
> Loan# ████████107
> Deceased Borrower: Ali Suleiman (deceased on March 2, 2015)
> Trustee Sale No.: WA-18-835092-SW
> Title Order No.: TSG1719-WA-330163 611169299

To Whom It May Concern,

   I am sending this follow up letter to a letter sent on November 26, 2019 to all parties regarding the wrongful foreclosure on the above referenced property that occurred on September 13, 2019.

**You are hereby on notice that the nonjudicial foreclosure sale of Sarah Hoover's property on September 13, 2019 was in violation of the automatic stay under 11 U.S.C. § 362(a) and that you are liable for mandatory damages, including attorneys' fees, under 11 USC § 362(k)(1) for failure to comply with your affirmative duty to conform to the automatic stay once you had knowledge of Ms. Hoover's bankruptcy filing.**

I have attached a power of attorney to this document from Sarah Hoover as **Exhibit A,** proof of my client Sarah Hoover's interest in the property as the rightful heir to her father, through a will and trust that vested the property in her name upon the death of her father Ali Suleiman as **Exhibit C,** and the prior letter that was sent on November 26, 2019 as **Exhibit C.**

At this time, all parties with the exception of PHH Mortgage Services have communicated with my office about the status of the VOID foreclosure of this property and this letter is sent to attempt one last time to establish communication with PHH Mortgage Services to see they will rescind the VOID foreclosure sale, mitigate your damages and provide a remedy of the stay violation that occurred prior to filing a lawsuit with the bankruptcy court and seeking damages under 11 USC § 362(k)(1). Please contact me regarding this matter at the following address

Christina L Henry
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA 98104
Tel# 206-330-0595
Fax# 206-400-7609
chenry@hdm-legal.com

Failure to rescind the sale real property located at 18205 106th St E, Bonney Lake, WA., 98391 and place all parties in the position that they were in prior to filing bankruptcy will force Sarah Hoover to file a lawsuit against you in bankruptcy court to remedy the bankruptcy stay violation. As heir to the property, she is the party at issue. We would also accept you restoring title to Ms. Hoover directly via the trust. Failure to do so will constitute a continuing violation of the automatic stay, and damages may be entered against you by the Bankruptcy Court. Since Ms. Hoover has been threatened with eviction from her home and demands to pay rent, we insist that this matter be resolved by year-end. Otherwise, she will need to preserve her rights by initiating legal action it eh bankruptcy court, but hopefully you can take swift actions to restore title timely.

Please contact me as soon as possible at (206) 330-0595 or via email at *chenry@hdm-legal.com* regarding resolution of this matter.

Sincerely,

*Christina L. Henry*

Christina L. Henry, WSBA#31273
Attorney for Sarah Hoover

cc:     Sarah Hoover
        Michael Lappano, Regional Director of Acquisitions, Invitation Homes, 15900 SE Eastgate Way, Suite 150, Bellevue, WA 98008

# EXHIBIT A

# Henry & DeGraaff, P.S.

## NOTICE OF REPRESENTATION AND
## AUTHORIZATION TO RELEASE INFORMATION

Borrower: Sarah Hoover                          Last 4 SSN/ITIN ███ 8882

Property Address: 18205 106th St E, Bonney Lake, Wash., 98391

Loan Servicer: PHH Mortgage Services

Loan Number: ███ 5107

Please accept this Notice of Representation as confirmation that I/we, Sarah Hoover
have retained Henry & DeGraaff, PS to represent me/us with regard to the above referenced disputed
and time-barred mortgage loan indicated above.

I/we, Sarah Hoover hereby authorize and directs PHH Mortgage Services and/or its agents and
assigns to discuss and release to Henry & DeGraaff, PS, 787 Maynard Ave S., Seattle, WA 98104 all
information regarding my above-referenced loan, including inspecting and copying of any said
records, reports, accountings and information. I/we authorize Henry & DeGraaff, PS to provide legal
regarding this disputed and time-barred mortgage loan.

A photocopy of the original of this Authorization is hereby deemed by me to be sufficient to obtain
the information requested.

PHH Mortgage Services Will not be held responsible in any manner for following the authorization
and/or instructions given herein. This authorization shall remain in effect until revoked in writing.

Henry & DeGraaff, PS will not accept service of process.

This authorization supersedes all previous authorizations

Please cease communications with the borrower. Please direct all communications to Henry &
DeGraaff, PS

Signed at Seattle this 9th day of December 2019.

Sarah Hoover

Sarah Hoover
Borrower Signature

# EXHIBIT B

U.S. Department of State
# REPORT OF DEATH OF A U.S. CITIZEN OR U.S. NON-CITIZEN NATIONAL ABROAD

| Jakarta | 03-02-2015 |
|---|---|
| Post | Date of Issue *(mm-dd-yyyy)* |

SSA No. ███████1892

Age 76

Name in full   Ali Suleiman

Date *(mm-dd-yyyy)* and Place of Birth   ███████   Indonesia

Evidence of U.S. Citizenship   Regular Passport #█████0472 Issued On April 11, 2005

Address in U.S.A.   24805 22nd Ave S.  Kent, Washington  98032   United States Of America

Permanent or Temporary Address Abroad   Komp. Sukarami Patra Permai IV H 9A Kebun Bunga Palembang,  Indonesia

| Date of death | Feb | 24 | | | 2015 |
|---|---|---|---|---|---|
| | Month | Day | Hour | Minute | Year |

| Place of death | RSUP Dr. Mohammad Hoesin | Palembang, South Sumatera | Indonesia |
|---|---|---|---|
| | Number and street or Hospital/hotel | City | Country |

Cause of death   Not provided by Local Government
<div style="margin-left:2em;font-size:smaller;">Including authority for statement - if physician, include full name and official title, if any.</div>

Disposition of the remains   Buried in Pemakaman Kambojah, Palembang, South Sumatera, Indonesia on 02/27/2015

Local law governing disinterment of remains provides that   N/A

Disposition of the effects   Nurhasinah Suleiman

Person or official responsible for custody of effects and accounting therefore
Nurhasinah Suleiman

Traveling/residing abroad with relatives or friends as follows:

| NAME | ADDRESS |
|---|---|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun Bunga Palembang, South |

Informed by telegram or telephone

| NAME | ADDRESS | DATE *(mm-dd-yyyy)* NOTIFIED |
|---|---|---|
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 2/27/2015 |

Copy of this report sent to:

| NAME | ADDRESS | DATE *(mm-dd-yyyy)* SENT |
|---|---|---|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun | 3/2/2015 |
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 3/2/2015 |
| Amir Suleiman | 24805 22nd Ave S. Kent, WA USA 98032 | 3/2/2015 |

Notification or copy sent to Federal Agencies:   SSA  x  VA ___ CSC ___ Other ___
<div style="text-align:right;font-size:smaller;">State Agency</div>

The original copy of this document and information concerning the effects are being placed in the permanent files of the U.S. Department of State, Washington, DC 20520.

Remarks:
03/02/2015 this ROD is also sent to: Sofiah Corcoran (Daughter), c/o Amir Suleiman, 24805 22nd Ave S
<div style="text-align:right;font-size:smaller;">(Continue on reverse if necessary.)</div>

[SEAL]

Signature on all copies.

Michael Sweeney
Consul

of the United States of America.

*Last name:* Suleiman
*First name:* Ali
*Middle name:*
*(Date (mm-dd-yyyy) of death)* 02-24-2015



# Superior Court Clerk's Office

15-4-01840-7 KNT
ALI SULLEIMAN
Non Probate Notice to Creditor - Completed/Re-Completed

Summary | Participants | Documents List | Events | Judgments

## Documents

∨ Documents List

| Sub Number | Date Filed | Document Name | Additional Information | Page # | Seal |
|---|---|---|---|---|---|
| 1 | 03/23/2015 | Notice to Creditors | NOTICE TO CREDITORS /NON PROBATE | 2 | |
| 2 | 03/23/2015 | Case Information Cover Sheet | CASE INFORMATION COVER SHEET | 1 | |
| 3 | 03/23/2015 | Oath | OATH OF CO-NOTICE AGNET | 1 | |
| 4 | 03/23/2015 | Oath | OATH OF CO-NOTICE AGENT | 1 | |
| 5 | 03/23/2015 | Declaration of Mailing | DECLARATION OF MAILING | 1 | |
| 6 | 03/24/2015 | Last Will and Testament | LAST WILL & TESTAMENT | 4 | |
| 7 | 03/24/2015 | Codicil | CODICIL | 3 | |
| 8 | 04/08/2015 | Notice to Creditors | NOTICE TO CREDITORS | 2 | |
| 9 | 04/17/2015 | Affidavit of Publication | AFFIDAVIT OF PUBLICATION | 2 | |

# CERTIFICATE AND AFFIDAVIT OF TRUST
## (RCW 11.98.075)

Amir C. Suleiman and Sarah V. Hoover, Trustee of the Ali Suleiman Trust (the "Trust") being first duly sworn on oath, hereby certify(ies), represent(s), warrant(s) and declare(s) as follows:

**Trust Information**

1. Trust name (as stated in the Trust document) or name by which Trust is commonly known: Ali Suleiman Trust.

2. Names of all grantors, settlors, trustors, or other creators of Trust: Ali Suleiman.

3. Date Trust document was executed (including date of any Will): November 25, 2003.

4. State or other jurisdiction in which Trust established: Washington.

5. Type of Trust: Irrevocable.

6. Manner in which title to Trust assets is held: The name of the Trust is (assets are titled thus) Ali Suleiman Trust.

**Trustee Information**

7. Name of current Trustees: Amir C. Suleiman and Sarah V. Hoover.

8. Address of each currently acting Trustee:
   Amir C. Suleiman
   24805 22nd Ave S
   Kent, WA 98032

   Sarah V. Hoover
   18205 106th St E
   Bonney Lake, WA 98391

9. Names of successor Trustee (as named in Trust document or, if applicable, named in accordance with Trust document): If Amir C. Suleiman or Sarah V. Hoover are unwilling or unable to act, Sofiah O. Corcoran shall be Co-Trustee in their place.

10. Under the terms of the Trust document: On November 25, 2003, the Ali Suleiman Trust was established by Ali Suleiman, as Trustor. The Trustor died on February 24, 2015. The Trust is now irrevocable and the Trust provides the successor Trustees can undertake any transactions relating to the management of the assets of the Trust.

11. The Trustees are authorized to do the following: Article IV of the Trust provides that the "Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law . . . and the following special rights, powers, and privileges: . . ." Trust assets may be used as collateral for a loan. The specific rights, powers, and privileges are very extensive and broad and are designed to give the Trustees wide latitude in managing the Trust.

12. Trustees' powers include, but are not limited to:

   a. The powers to sell, convey and exchange: [X] Yes [ ] No (check one)
   b. The power to borrow money and pledge and encumber trust property with a deed of trust or mortgage [X] Yes [ ] No (check one)

**Miscellaneous Information**

13. To the best of the knowledge of Trustees, there is no claim, litigation, cause of action alleged, or challenge of any kind, which contests or questions the validity of the Trust or a Trustee's authority to act on behalf of the Trust.

14. The Trust is in full force and effect and has not been terminated, revoked, amended or modified in any way that causes the representations in this Certificate and Affidavit of Trust to be inaccurate or incorrect.

**RCW 11.98.075 (8) states: A person making a demand for the trust instrument in addition to a certification of trust or excerpts is liable for damages, including reasonable attorney fees, if the court determines that the person did not act in good faith in demanding the trust instrument.**

Amir C. Suleiman, Co-Trustee

SUBSCRIBED and SWORN TO before me this ___19th___ day of March, 2015.

David A. Johnson

NOTARY PUBLIC _Dail A. Johnson_
In and for the State of Washington
My appointment expires ___6-28-15___

DAVID A. JOHNSON
NOTARY PUBLIC
COMMISSION EXPIRES
06-28-15
STATE OF WASHINGTON

_Sarah V. Hoover_

Sarah V. Hoover, Co-Trustee

SUBSCRIBED and SWORN TO before me this 19th day of March, 2015.

_David A. Johnson_
NOTARY PUBLIC _Dail A. Johnson_
In and for the State of Washington
My appointment expires 6-28-15

DAVID A. JOHNSON
COMMISSION EXPIRES
NOTARY
PUBLIC
06-28-15
STATE OF WASHINGTON

With respect to the share of a minor or a beneficiary under a legal disability, Trustee shall have the authority to place assets in safekeeping for the beneficiary until he or she reaches legal age or deliver all, or any part thereof, to the guardian of his or her person.

All reasonable expenses incurred for storage, packing, shipping, delivery or insurance of such tangible personal property on or before the expiration of one hundred twenty days from the date of Trustor's death shall be charged as an administrative expense of the Trust.

B.2.3 <u>Specific Distributions</u>. As soon as practicable after Trustor's death, Trustee shall make the following specific distributions:

B.2.3.1 Residence. Trustor and the Trust Estate has held title to the property located at 18205 106th Street East, Bonney Lake, Washington, and Trustor is currently named as co-signer or Surety on the primary residence loan executed by Sarah and primary lender for the purposes of securing financing on said property for Sarah. Accordingly, as soon as practicable after the death of Trustor, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustors' daughter, Sarah V. Hoover, if she is surviving. This distribution shall be in addition to Sarah's distributive share of the remainder Trust Estate and will carry with it any obligations against the residence. In the event Sarah is not surviving at the time of Trustor's death, or this residence and real property is not a part of the Trust Estate at the time of Trustor's death, this distribution shall lapse and be null and void.

Additionally, to the extent that Trustor or the Trust Estate is responsible for paying for any or all part of such loan, such amount shall be considered a loan

15-4-01840-7 KNT

# CODICIL TO THE LAST WILL

## of

# ALI SULEIMAN

I, ALI SULEIMAN, declare this to be a Codicil to my last Will dated November 25, 2003.

I wish it to be known that I was originally married to AFRIDAH GERUNG SULEIMAN, and she is now deceased. I am now married to NURHASINAH SULEIMAN, and I hereby exclude her from receiving any benefits or distributions of any kind from my estate.

Paragraph 2.2 of ARTICLE II is hereby amended in its entirety to read as follows:

2.2 <u>Personal Representative</u>. I appoint my son, Amir C. Suleiman, and my daughter, Sarah V. Hoover, co-personal representatives of my estate. If either Amir or Sarah is unable or unwilling to so act, I appoint my daughter, Sofiah Omega Corcoran, to serve in his or her place as co-personal representative of my estate. Thereafter in the event a co-personal representative is unable or unwilling to so act, the remaining co-personal representative shall serve as sole personal representative of my estate.

I hereby ratify and confirm my said last Will in all other respects.

IN WITNESS WHEREOF, I have subscribed hereunto on March 24, 2011.

_____
ALI SULEIMAN

1

The foregoing instrument, consisting of three pages, including the following page, was subscribed by the TESTATOR, ALI SULEIMAN, who appeared to be of sound mind and memory and was by him declared to be his last Will, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto set our hands as witnesses thereto, on the day and year last before written.

Witness, _____Deborah D. French_____
Residing at __Maple Valley__, Washington


Witness, _____SANDI J. REHBERG_____
Residing at __Normandy Park__, Washington



_____
ALI SULEIMAN

2

# SELF PROVING CERTIFICATE

STATE OF WASHINGTON, County of King; ss.

Before me this day personally appeared, ALI SULEIMAN, _Deborah D. French_ and _SANDI J. REHBERG_, known to me to be the TESTATOR and WITNESSES, respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and after being sworn, on oath stated:

1. That each of them was of legal age at the time of the execution of the attached Codicil.

2. That immediately prior to the execution of the attached Codicil the TESTATOR declared the document to be his Codicil and requested the witnesses to witness and subscribe it.

3. That the TESTATOR signed the Codicil in the presence of the witnesses, and that the witnesses attested the execution of subscribing their names in the presence of the TESTATOR and of each other.

4. That the undersigned and parties making this agreement are the same as the parties who signed the foregoing Codicil.

5. That the TESTATOR appeared to be of sound mind and acted freely without any duress or undue influence, as did the witnesses.

TESTATOR, ALI SULEIMAN

WITNESS, Deborah D. French

WITNESS, SANDI J. REHBERG

SUBSCRIBED, SWORN, and ACKNOWLEDGED TO before me on March 24, 2011.

NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

FILED

15 MAR 24

UPLER.
COUNTY CLERK.
AA

# LAST WILL
### of

15-4- 01840-7KNT

# ALI SULEIMAN

I, ALI SULEIMAN, declare this to be my Last Will and revoke all other Wills and Codicils that I have made.

At the time of making this Will I am married to AFRIDAH GERUNG SULEIMAN, and we have no children. I have four children from a previous marriage: namely, Gordon Tucker Ali Suleiman, born March 18, 1965; Sofiah Omega Corcoran, born December 30, 1966; Amir Clyde Suleiman, born June 2, 1971; and Sarah Virginia Suleiman, born May 23, 1978.

## ARTICLE I

### DEVISES AND BEQUESTS

1.1 Personal Effects. All interest in any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats and similar articles of personal use I may have at the time of my death, together with any insurance thereon, shall be distributed as I have designated in the most recently signed and dated list which indicates who is to receive certain items of personal effects. It shall be binding upon my personal representative to carry out those directions contained in such list unless the intended recipient is not surviving. Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of my death, then such personal effects, or the remainder thereof, shall be distributed as provided in the ALI SULEIMAN TRUST dated November 25, 2003.

1.2 Remainder Estate. All the rest, residue and remainder of my estate, of whatever nature and wherever situated, of which I may own or be entitled at the time of my death, including property over which I may have a power of appointment which I have not otherwise

Initials

1

exercised, released, or refused in writing, to exercise, I give, devise and bequeath to the Trustee of the ALI SULEIMAN TRUST created under a Trust Agreement dated November 25, 2003, by myself as Trustor, which has been signed prior to this Will and is now in full force and effect, as an addition to the principal of said Trust, under the terms, conditions, and provisions contained in said Trust Agreement and any amendments made to said Trust Agreement subsequent to the date of said Trust. If the Trust created by said Agreement shall have terminated prior to my death, then this paragraph of my Will shall be construed to establish a Trust with the same terms and conditions as said ALI SULEIMAN TRUST, including any amendments made prior to the date of my death, and all assets provided for in this paragraph shall go to the Trustee therein named.

## ARTICLE II

GENERAL PROVISIONS

2.1 <u>Estate and Death Expenses</u>. All inheritance, estate, transfer, succession or death taxes imposed by any taxing authority by reason of my death, whether attributable to property subject to probate administration or to outside transfers, shall be paid out of the residue of my estate as an expense of the administration thereof, without apportionment, deduction or reimbursement therefor, provided that the proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations.

2.2 <u>Personal Representative</u>. I appoint my son, Gordon T. A. Suleiman, personal representative of my estate. In the event Gordon is unable or unwilling to so act, I appoint my son, Amir C. Suleiman, to be the next alternate and successor personal representative of my estate.

2.3 <u>Non-intervention Powers</u>. I direct that my estate be settled in the manner provided in this Will without the intervention of any court, except as may be required by law in the case of non-intervention Wills. I, therefore, give my personal representative full power to deal with my estate and to do all acts and exercise all rights with relation to such property. As I wish my personal representative to exercise the broadest discretion possible in dealing with my estate, I direct that no bond of any kind shall be required for the performance of duties in any jurisdiction.

IN WITNESS WHEREOF, I have hereunto set my hand to each page hereof November 25, 2003.

_____
ALI SULEIMAN

2

The foregoing instrument, consisting of four pages, including the following page, was subscribed by the TESTATOR, ALI SULEIMAN, who appeared to be of sound mind and memory and was by him declared to be his last Will, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto set our hands as witnesses thereto, on the day and year last before written.

_____
Witness
Residing at Kent, Washington

_____
Witness
Residing at Kent, Washington

_____
ALI SULEIMAN

3

## SELF PROVING CERTIFICATE

STATE OF WASHINGTON, County of King; ss.

Before me this day personally appeared, ALI SULEIMAN, BONNIE BUCHANAN and KARI M. KENT, known to me to be the TESTATOR and WITNESSES, respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and after being sworn, on oath stated:

1. That each of them was of legal age at the time of the execution of the attached Will.

2. That immediately prior to the execution of the attached Will the Testator declared the document to be his last Will and requested the witnesses to witness and subscribe it.

3. That the Testator signed the Will in the presence of the witnesses, and that the witnesses attested the execution of subscribing their names in the presence of the Testator and of each other.

4. That the undersigned and parties making this agreement are the same as the parties who signed the foregoing Will.

5. That the Testator appeared to be of sound mind and acted freely without any duress or undue influence, as did the witnesses.

_____
TESTATOR, ALI SULEIMAN

_____
WITNESS, BONNIE BUCHANAN

_____
WITNESS, KARI M. KENT

SUBSCRIBED, SWORN, and ACKNOWLEDGED TO before me November 25, 2003.

_____
NOTARY PUBLIC: Mark D. Albertson
State of Washington, residing in Kent
My appointment expires 12-25-05

★MARK D ALBERTSON
NOTARY PUBLIC
STATE OF WASHINGT.
COMMISSION EXPIRES
DECEMBER 25, 2005

4

FILED

15 APR 08 AM 10:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-4-01840-7 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

In the Matter of the Estate of ) Case No.: 15-4-01840-7 KNT
)
ALI SULEIMAN, ) NONPROBATE NOTICE TO CREDITORS
) (AMENDED)
Deceased. )
) (RCW 11.42.030)

    The notice agent named below has elected to give notice to creditors of the above-named decedent. As of the date of the filing of a copy of this notice with the court, the notice agent has no knowledge of any other person acting as notice agent or of the appointment of a personal representative of the decedent's estate in the state of Washington. According to the records of the court as are available on the date of the filing of this notice with the court, a cause number regarding the decedent has not been issued to any other notice agent and a personal representative of the decedent's estate has not been appointed.

    Any person having a claim against the decedent must, before the time the claim would be barred by any otherwise applicable statute of limitations, present the claim in the manner as provided in RCW 11.42.070 by serving on or mailing to the notice agent or the notice agent's attorney at the address stated below a copy of the claim and filing the original of the claim with the court in which the notice agent's declaration and oath were filed. The claim must be presented within the later of: (1) Thirty days after the notice agent served or mailed the notice to the creditor as provided under RCW 11.42.020(2)(c); or (2) four months after the date of first publication of the notice. If the claim is not presented within this time frame, the claim is forever barred, except as otherwise provided in RCW 11.42.050 and 11.42.060. This bar is effective as to claims against both the decedent's probate and nonprobate assets. Date of First Publication: March 04, 2015 .

    The notice agent declares under penalty of perjury under the laws of the State of Washington on April 8 , 2015 , at SeaTac, Washington that the foregoing is true and correct.

Attorney for the Notice Agent:      Co-Notice Agent:

_____      _____
James A Davies, WSBA# 28737      Amir C. Suleiman
18000 International Blvd, Suite 550      24805 22nd Ave S
SeaTac, WA 98188      Kent, WA 98032

NONPROBATE NOTICE TO CREDITORS - 1      REHBERG LAW GROUP, P. S.
18000 International Blvd, Suite 550
SeaTac, WA 98188
206.246.8772

1    Co-Notice Agent:

2

3    *Sarah V. Hoover*
     Sarah V. Hoover
4    18205 106th St E
     Bonney Lake, WA 98391
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NONPROBATE NOTICE TO CREDITORS - 2



FILED

15 APR 17 PM 1:21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## STATE OF WASHINGTON -- KING COUNTY

--ss.

321985
REHBERG LAW GROUP, P.S.

No. 15-4-01840-7KNT

### Affidavit of Publication

    The undersigned, on oath states that he is an authorized representative of The Daily Journal of Commerce, a daily newspaper, which newspaper is a legal newspaper of general circulation and it is now and has been for more than six months prior to the date of publication hereinafter referred to, published in the English language continuously as a daily newspaper in Seattle, King County, Washington, and it is now and during all of said time was printed in an office maintained at the aforesaid place of publication of this newspaper. The Daily Journal of Commerce was on the 12th day of June, 1941, approved as a legal newspaper by the Superior Court of King County.

    The notice in the exact form annexed, was published in regular issues of The Daily Journal of Commerce, which was regularly distributed to its subscribers during the below stated period. The annexed notice, a

NCNP:SULEIMAN,ALI

was published on

03/24/15 03/31/15 04/07/15

The amount of the fee charged for the foregoing publication is the sum of $156.00 which amount has been paid in full.

04/07/2015

Subscribed and sworn to before me on

Notary public for the State of Washington,
residing in Seattle

Affidavit of Publication

# State of Washington, King County

NONPROBATE
NOTICE TO CREDITORS
Estate of
ALI SULEIMAN
SUPERIOR COURT OF
Washington for King County.

In the Matter of the Estate of Ali Suleiman, Deceased. Case No. 15-4-01840-7 KNT. Nonprobate Notice to Creditors. (RCW 11.42.030).

The notice agents named below have elected to give notice to creditors of the above-named decedent. As of the date of the filing of a copy of this notice with the court, the notice agents have no knowledge of any other person acting as notice agent or of the appointment of a personal representative of the decedent's estate in the state of Washington. According to the records of the court as are available on the date of the filing of this notice with the court, a cause number regarding the decedent has not been issued to any other notice agent and a personal representative of the decedent's estate has not been appointed.

Any person having a claim against the decedent must, before the time the claim would be barred by any otherwise applicable statute of limitations, present the claim in the manner as provided in RCW 11.42.070 by serving on or mailing the notice agents or the notice agents' attorney at the address stated below a copy of the claim and filing the original of the claim with the court in which the notice agent's declaration and oath was filed. The claim must be presented within the later of: (1) Thirty days after the notice agent served or mailed the notice to creditor as provided under RCW 11.42.020(2)(c); or (2) four months after the date of the first publication of the notice. If the claim is not presented within this time frame, the claim is forever barred, except as otherwise provided in RCW 11.42.050 or 11.42.060. This bar is effective as to claims against both the decedent's probate and nonprobate assets.

Date of First Publication: March 24, 2015.

The notice agents declare under penalty of perjury under the laws of the State of Washington on March 20, 2015, at SeaTac, Washington that the foregoing is true and correct.

Co-Notice Agent:
AMIR C. SULEIMAN.
24805 22nd Ave. S, Kent, WA 98032.

Co-Notice Agent:
SARAH V. HOOVER.
18205 106th St. E, Bonney Lake, WA 98391.

Attorney for the Co-Notice Agents: JAMES A. DAVIES, WSBA #28737, REHBERG LAW GROUP, P.S., 18000 International Blvd., Suite 550, SeaTac, WA 98188. 206-246-8772.

4/7(321985)

# EXHIBIT C

EXHIBIT C Page 1 of 8

# Henry & DeGraaff, P.S.

*Christina L Henry*
*chenry@hdm-legal.com*

November 22, 2019

Robert McDonald
Quality Loan Service Corp. of WA
108 1st Ave S
Suite 202
Seattle, WA 98104
rmcdonald@qualityloan.com
Fax# 206-274-4902

Lance E. Olsen
McCarthy Holthus, LLP
108 1st Ave S
Seattle, WA 98104
lolsen@mccaarthyholthus.com

HSBC Bank USA, N.A., as Trustee
 of the Fieldstone Mortgage Investment Trust, Series 2006-2
Attn: Noel Quinn, CEO
425 5th Ave
New York, NY 10018

PHH Mortgage Services
Attn: Rob Crowl, CEO
1 Mortgage Way
Mount Laurel, NJ 08054

> Re:   NOTICE RE VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY
> UNDER 11 USC § 362(a)
> Bankruptcy Cause No. 19-42890-MJH
> Bankruptcy Filed 9/9/2019 / Dismissed 9/26/2019
> Debtor: Sarah Hoover
> Property Address: 18205 106th St E, Bonney Lake, Wash., 98391
> Parcel No. 700174030
> Loan# xxxxxx5107
> Deceased Borrower: Ali Suleiman (deceased on March 2, 2015)
> Trustee Sale No.: WA-18-835092-SW
> Title Order No.: TSG1719-WA-330163 611169299

To Whom It May Concern,

I represent Sarah Hoover, the successor in interest and heir to the estate of the
deceased single man, Ali Sulieman. On September 9, 2019, Ms. Hoover filed a Chapter 13
bankruptcy petition in the United States District Court for the Western District of Washington
on September 9, 2019 in order to save the home she inherited from her father, Mr. Ali

Suleiman, through a Trust. *See* **Exhibit A.** Ms. Hoover listed PHH Mortgage Services ("PHH") as a creditor on her bankruptcy creditor matrix. *See* **Exhibit B**.

Immediately after filing, Ms. Hoover notified PHH of her bankruptcy through her representatives Dan Howard and David Miller of Elite Legal Network, who were helping her with a loan modification. They notified PHH of the filing via phone, fax, and written documentation that included documentation of Ms. Hoover's interest as an heir to the property and as the Trustee to the Ali Suleiman Trust. On her behalf, they also sent in a full application for a loan modification along with letters indicating her intention to pursue an assumption of the loan and a loan modification.

After discovering that her home had been sold via nonjudicial foreclosure sale on September 13, 2019, Ms. Hoover contacted Robert McDonald at Quality Loan Service Corp. shortly after the sale to inquire about how to rescind the foreclosure sale, because it took place after her bankruptcy filing. For reasons unknown, instead of conforming to the automatic stay that was in place at the time of the void foreclosure sale and remedying the violation by rescinding the sale, Quality Loan Servicing recorded the trustee's deed on September 26, 2019. I also understand that Mr. McDonald spoke to Ms. Hoover prior to the sale and he knew that she was a successor in interest to her father's estate, and he even sent her reinstatement figures for the property on September 4, 2019 via email.

**You are hereby on notice to that the nonjudicial foreclosure sale of Ms. Hoover's property on September 13, 2019 was in violation of the automatic stay under 11 U.S.C. § 362(a) and that you are liable for mandatory damages, including attorneys' fees, under 1 USC § 362(k)(1) for failure to comply with your affirmative duty to conform to the automatic stay once you had knowledge of Ms. Hoover's bankruptcy filing.**

Failure to rescind the sale and restore the real property located at 18205 106th St E, Bonney Lake, Wash., 98391 to Ms. Hoover is a continuing violation of the automatic stay, and damages may be entered against you by the Bankruptcy Court.

You are hereby on notice that Ms. Hoover has received notice from the third parties who purchased her property at the foreclosure sale that they intend to proceed with eviction procedures should she not vacate the property by December 1, 2019. Should this happen, Ms. Hoover will have accrued additional damages and emotional distress due to your continuing violation of the stay.

Accordingly, this letter is notice to you that the debtor intends to file an adversary proceeding with the bankruptcy court seeking damages for violation of the automatic stay against PHH Mortgage Services and Quality Loan Services in the United States Bankruptcy Court for the Western District of Washington for her actual damages, including attorneys' fees and costs, and punitive damages.

You should also be advised that your failure to rescind this void foreclosure sale and quickly remedy any automatic stay violation will be used as evidence in this case to prove, among other things, the following:

1.  That your violation of the automatic stay is continuing in nature and is further aggravated by your failure to acknowledge the bankruptcy stay and to remedy the violation in an instance wherein the debtor has incurred substantial loss of real property and damages, including emotional distress;

2. That you have failed to implement adequate procedures to take into account the filing of a bankruptcy petition by the heirs of a deceased person when you are in the process of nonjudicial foreclosure on a property; and that upon lawful receipt of a bankruptcy filing notice or via communication from Ms. Hoover, you failed to take the necessary steps to rescind the foreclosure sale and remedy the stay violation;

3. That you have failed to take timely, necessary, appropriate and proper actions in this case so as to avoid the filing of an adversary proceeding for violation of the automatic stay;

4. That you have willfully failed to take timely and necessary actions in an effort to mitigate the damages Ms. Hoover will incur should you not rectify the stay violation;

5. That you have needlessly increased the legal fees and expenses that have been and will be incurred by Ms. Hoover by filing the trustee's deed and not taking any action once you knew the sale was completed in violation of the stay;

6. That you have waived any right to object to the admission of this letter and to your failure to submit a timely response thereto into evidence at any court hearing in this matter;

7. That you have admitted that the debtor is entitled to recover an amount of actual damages, punitive damages, and legal fees for the damages they have incurred in an amount to be discussed with their attorneys;

8. That this letter may be introduced into evidence at any hearing in this case under Rule 803(6) of the Federal Rules of Evidence; and

9. That your failure to respond on a timely basis as designated herein may be used against you as a Statement that this is contrary to your pecuniary or proprietary interest as provided for by Rule 804(b)(3) of the Federal Rules of Evidence.

Sincerely,

Christina L. Henry, WSBA# 31273
Attorney for Sarah Hoover

cc: Sarah Hoover

Michael Lappano, Regional Director of Acquisitions, Invitation Homes, 15900 SE Eastgate Way, Suite 150, Bellevue, WA 98008

3

United States Bankruptcy Court
Western District of Washington

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 09/09/2019 at 12:46 PM
and filed on 09/09/2019.



**Sarah Hoover**
18205 106th St E
Bonney Lake, WA 98391
SSN / ITIN: xxx-xx-8882

The bankruptcy trustee is:

**Michael G. Malaier**
2122 Commerce Street
Tacoma, WA 98402
253-572-6600

The case was assigned case number 19-42890-MJH to Judge Mary Jo Heston.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited
to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you
attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.
Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available with a Pacer account log in at https://ecf.wawb.uscourts.gov or via public terminals at the
Clerk's Office, 1717 Pacific Avenue, Suite 2100, Tacoma, WA 98402 or 700 Stewart St, Room 6301,
Seattle, WA 98101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Mark L. Hatcher**
**Clerk, U.S. Bankruptcy**
**Court**

*Exhibit A*

Case 19-42890-MJH    Doc 26-2    Filed 01/27/20    Ent. 01/27/20 22:54:28    Pg. 28 of 31

**PHH Mortgage**
**1 Mortgage Way**
**Mount Laurel, NJ 08054**

Exhibit B

Case 19-42890-MJH   Doc 1-1   Filed 09/09/19   Ent. 09/09/19 12:46:32   Pg. 9 of 9
Case 19-42890-MJH   Doc 26-2   Filed 01/27/20   Ent. 01/27/20 22:54:28   Pg. 29 of 31

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (*Printed Name*)    C. Date of Delivery

1. Article Addressed to:

PHH MORTGAGE SERVICES
ATTN: ROBB CROWL, CEO
1 MORTGAGE WAY
MOUNT LAUREN NJ 08054

D. Is delivery address different from item 1? ☐ Yes
   If YES enter delivery address below: ☒ No

DEC 0 2 2019

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5380 9189 2368 86

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (*Transfer from service label*)
7019 1640 0001 5478 1486

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

S JERSEY

**UNITED STATES POSTAL SERVICE**

9590 9402 5380 9189 2368 86

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box •

6132308566--SARAH HOOVER
Christina L Henry
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA  98104