# ALI SULEIMAN TRUST

## AMENDMENT ONE

TRUSTOR, ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows, as to his interest in the Trust.

The following Paragraphs 4.3.30 - 4.3.31 are hereby modified and amended in their entirety to read as follows:

    4.3.30  <u>Tax Filings, Elections and Equitable Adjustments</u>.  Trustee is authorized to represent the Trust in all tax matters, including but not limited to the preparation, filing and signing of any state or federal income or estate tax returns as well as where appropriate, the request for extension to file returns and/or pay taxes. It is the Trustors' intent that this instrument conform to applicable laws that would create the maximum reduction in their joint estate taxes, income taxes, gift taxes and the fees of administering this trust without defeating its dispositive provisions or otherwise impairing the substantive rights of trust beneficiaries. The Trustee therefore has sole discretion to make any and all tax elections and take all other appropriate action with respect to taxation of every kind applying to the Trustors, the Trust and its beneficiaries. Unless otherwise provided herein, such power may be exercised regardless of the effect of such exercise upon the comparative values of the distributive provisions made under this Trust, and Trustee shall not be required to make any adjustment in the amount of any distribution in order to compensate for the effect of such exercise.

1

Unless otherwise provided herein, Trustee may administer the Trust without regard to the income tax basis of specific property allocated to any beneficiary. Further, Trustee may, in its sole and absolute discretion, exercise all elections with respect to allowable deductions on Trustors' estate tax returns or any necessary income tax returns, all without reimbursement either from or to Trustors' estate or any beneficiaries hereunder for taxes payable in respect of said elections.

Unless otherwise provided herein, Trustee may also make, in its discretion, any equitable adjustments which may be necessary to permit beneficiaries with different tax brackets to share fairly overall tax savings which may result from any distributions, tax savings elections or decisions which Trustee deems advisable.

However, for purposes of the basis allocation rules as provided under Internal Revenue Code Section 1022, Trustee shall, to the extent feasible, given the nature and extent of property distributed to the beneficiaries provided for herein, allocate the aggregate basis increase (Internal Revenue Code Section 1022(b)(2)(B)) in reasonably equivalent shares to the beneficiaries.

4.3.31 <u>Amendments and Reformation</u>. The Trustors recognize that the laws relating to taxation change from time to time and that they may inadvertently fail to amend this Trust to take advantage of these changes. Accordingly, to the extent permitted by law, the Trustee may amend this document or petition a court of competent jurisdiction to reform this instrument for the purpose of conforming its provisions to those laws that would favorably affect any tax liability otherwise accruing to the Trustors or their respective estates, or that would substantially reduce the costs of administering this Trust, provided that such amendment or reformation is otherwise consistent with dispositive provisions of this Trust and does not otherwise impair the substantive rights of trust beneficiaries. If no definitive law exists on the

2

propriety of the amendment or sought after reformation, or if the effect of the amendment or sought after reformation on the rights of Trust beneficiaries is uncertain, the Trustee may rely on advice of counsel who specialize in tax law, estate planning or trust administration as to the risks and benefits of amending the trust or obtaining reformation and the advisability of pursuing such an action. Reasonable reliance on such advice shall absolve the Trustee of any liability that might otherwise accrue under this section.

IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment One on January 4, 2006.

_____
ALI SULEIMAN, TRUSTOR-TRUSTEE

## ACKNOWLEDGMENT

STATE OF WASHINGTON,   )
                       ) ss.
County of King,        )

On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT ONE of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal January 4, 2006.

_____
NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2007