Judge Mary Jo Heston
Chapter 13
Location: Tacoma
Hearing Date: February 4, 2020

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

SARAH HOOVER

Debtor(s).

Case No.: 19-42890-MJH

**MOTION FOR RECONSIDERATION**

## I.    RELIEF REQUESTED

IH6 Property Washington, L.P. ("IH6 Property") moves this Court to reconsider its Order Denying IH6 Property's motion to reopen entered on January 31, 2020 [Dkt. 32].  This Motion is made pursuant to Local Bankruptcy Rule 9011-1(h), W.D.Wash. LCR 7(h), and Fed. R. Civ. P. 59(e)(motion to alter or amend judgment or Rule 60(b)(relief from judgment or order).  This Court has jurisdiction to hear IH6 Property's motion to annul the stay without vacating the dismissal (or reopening the case) under *In re Aheong*, 276 B.R. 233 (9th Cir. B.A.P. 2002).

## II.    BACKGROUND

On January 10, 2020, IH6 Property moved to reopen this bankruptcy [Dkt. 17] and annul the automatic stay [Dkt. 18].  No responses were filed to the Motion to Reopen and IH6 Property filed a certificate of no objection and submitted an order granting its motion for entry.  [Dkts. 30-31].  On January 31, 2020, this Court lodged IH6 Property's order because it did not also file a motion to vacate the dismissal [32].

///

MOTION FOR RECONSIDERATION - 1

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

### III.   LEGAL AUTHORITY

Proceedings to annul the stay after the underlying bankruptcy case is dismissed fall within the ambit of "arising under" bankruptcy jurisdiction.  *In re Aheong*, 276 B.R. 233, 248 (9th Cir. B.A.P. 2002).  "Arising under" jurisdiction does not depend on the existence of an active bankruptcy case.  *Id*. at 244-45 ("[A]rising under jurisdiction does not depend on the present existence of an open case or a non-dismissed case.  It depends solely on the existence of 'civil proceedings arising under title 11.'").

The Ninth Circuit agrees with *Aheong*:

> Thus, in *In re Aheong*, the bankruptcy court had jurisdiction to consider annulling a stay in the bankruptcy proceeding because, as the BAP rhetorically asked, 'What could be more 'under' Title 11 than the automatic stay and the right to seek to annul it?'  *Id*. at 250 (citations omitted).  Given the role the automatic stay plays in bankruptcy proceedings, we agree with this aspect of *In re Aheong's* reasoning, and conclude that it actually serves to distinguish the breach of contract action here.

*In re Ray*, 624 F.3d 1124, 1132-1133 (9th Cir. 2010).  Other cases in the 9th Circuit that have ruled on motions to annul the stay post-dismissal without an order vacating the dismissal include: *In re Sinclair*, 2013 WL 2303729 (9th Cir.B.A.P. 2013); *Burcena v. Bank One*, 2007 WL 2915621 (D.Hawaii, Oct. 1, 2007)(A Bankruptcy Court retains jurisdiction after dismissal to interpret and effectuate its orders, including the nunc pro tunc lifting of the automatic stay in the bankruptcy case).  IH6 Property also does not want to vacate the dismissal order in this case which "would have potentially enormous, highly disruptive, and unintended consequences."  *In re Aheong*, 276 B.R. 233 at n. 10 (9th Cir. B.A.P. 2002).

///

///

///

MOTION FOR RECONSIDERATION - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 19-42890-MJH    Doc 34    Filed 02/04/20    Ent. 02/04/20 15:23:45    Pg. 2 of 3

1
2

**IV.    CONCLUSION**

3    IH6 Property respectfully requests that this Court reconsider its order and either grant its

4    motion to reopen, or clarify that it can proceed with its motion to annul the stay without reopening

5    the underlying bankruptcy case as authorized by *In re Aheong*.

6

7    Dated this 4th day of February 2020.

8

9                                            **SCHWEET LINDE & COULSON, PLLC**

10                                           */s/John A. McIntosh*
                                             _____
11                                           Thomas S. Linde, WSBA #14426
                                             John A. McIntosh, WSBA #43113

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR RECONSIDERATION - 3